

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BERNARD PRUITT et al. on )
behalf of themselves and all others )
similarly situated, )
)
              Plaintiffs, )
)
v. )  No. 03 C 2877
)
CITY OF CHICAGO, DEPARTMENT )
OF AVIATION, )
)
              Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant City of Chicago's ("City") bill of costs. For the reasons stated below, we grant the bill of costs in part and deny it in part.

## BACKGROUND

On June 8, 2005, we granted Defendants' motions for summary judgment. The City, one of the Defendants has filed a bill of costs requesting $49,401.98 for costs and expenses incurred during the instant litigation. Plaintiffs have filed objections to the bill of costs.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides that the prevailing party shall be allowed to recover costs other than attorneys' fees unless a statute or other rule states otherwise or the court specifically disallows such costs. Fed. R. Civ. P. 54(d); *See also* 28 U.S.C. §1920(setting forth costs that are generally recoverable). The Seventh Circuit has made it clear that in reviewing a bill of costs, the district court should keep in mind that "[t]here is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005); *see also Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997)(stating that "[t]he presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined"). In addition to making sure that requested costs are recoverable, a district court must also ensure that the costs are reasonable. *See, e.g., Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000).

## DISCUSSION

### I. Deposition Related Costs

Plaintiffs argue that certain costs incurred by the City relating to the depositions were not necessary for the defense. A deposition cost may be recovered for a deposition that was "'reasonably necessary' to the case at the time it was taken"

and the inquiry should not focus on "whether it was used in a motion or in court." *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 455 (7th Cir. 1998)(stating that focus should not be one whether the deposition was ultimately utilized in action).

### A. Plaintiffs' Deposition Transcripts

Plaintiffs argue that the $3,819.15 requested in the bill of costs for Plaintiffs' deposition transcripts should be denied because the City did not need the transcripts. Plaintiffs complain that the depositions were lengthy and were on multiple days for each Plaintiff. However, Plaintiffs have failed to show that such transcripts would not have been necessary for the defense. In fact, the deposition testimony of each Plaintiff would likely have been an essential tool in the preparation of the defense in the instant action. Plaintiffs also complain that they should not be taxed for costs for the lengthy depositions because the City violated the Federal Rule of Civil Procedure 30(d)(2) that limits the duration of depositions. However, as Plaintiffs also acknowledge, Plaintiffs presented a motion before the court requesting that the court limit the depositions and this court in its discretion denied the motion authorizing the depositions to proceed. The allegations in the complaint spanned several decades and the time devoted to Plaintiffs' depositions was reasonable. Thus, Plaintiffs incorrectly assert that the City violated Rule 30(d)(2).

Plaintiffs also complain about the "inefficiency" in how the City conducted

the depositions, apparently contending that Plaintiffs could have done a more efficient job. (Ans. 5 n.1). However, such contentions are speculation on Plaintiffs' part and nothing under the law requires a court faced with a bill of costs to expend the time and resources to sift through deposition transcripts word for word and gage the efficiency of each deposition. Also, it is a ridiculous notion by Plaintiffs that the City should have known exactly what portions of the Plaintiffs' testimony would have been useful for the defense and accordingly to order transcripts for only isolated and select portions of the depositions. Plaintiffs now claim to have knowledge of what deposition testimony would have been of value to the City. However, Plaintiffs chose to bring the instant action and cannot now, having failed in the action, use hindsight to try and discredit the City's efforts to formulate a defense. *See Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d at 455 (stating that the focus should not be on "whether it was used in a motion or in court"). Had Plaintiffs testified at trial, a record of their deposition testimony would have been invaluable to the defense, and Plaintiffs cannot presume to know through clairvoyance what facts would have been brought out on the stand when Plaintiffs testified. A complete and thorough record of the entire depositions for all Plaintiffs was reasonably necessary for the City to prepare its defense.

Plaintiffs also object to an additional $778.29 for "Min-U-Script" and condensed transcript costs because the costs were merely for additional copies for the City's attorneys' convenience. The City does not provide an explanation for

why the costs were necessary and therefore, we shall strike such costs from the bill of costs. Therefore, the costs for the deposition transcripts of Plaintiffs will not be stricken from the City's bill of costs, but the $778.29 for the "Min-U-Script" costs will be stricken from the bill of costs.

### B. Deposition Diskette, Expedited Transcript, and Attendance Costs

Plaintiffs complain about the $198.00 charged by the City for ASCII diskettes and certain expedited transcript costs. Plaintiffs object to the $79.50 charged for Dr. Bala's deposition and the $118.50 charged for Dr. Fisfalen's deposition. As a general rule, a court should not award costs for condensed transcripts, indexes and ASCII diskette copies of the transcripts unless the movant can show that the items were reasonably necessary for the litigation and not acquired for the attorneys' convenience. *Surratt v. Chicago Transit Authority*, 2005 WL 946873, at *2 (N.D. Ill. 2005); *Vigortone Ag Products, Inc. v. PM Ag Products, Inc.*, 2004 WL 1899882, at *6 (N.D. Ill. 2004); *Solon v. Kaplan*, 2004 WL 1672909, at *2 (N.D. Ill. 2004).

In the instant action, the diskettes at issue were real-time versions of the depositions that were mailed to the City in rough draft form. We agree with the City that, based upon the court's deadlines in the instant action and how discovery progressed, the diskettes and expedited transcripts were reasonably necessary and were not simply acquired for the City attorneys' convenience. The need for such diskettes was entirely necessary given the limited period during which the City's

expert could review such materials and prepare an expert report. Plaintiffs also contend that the City should not be allowed to recover $90 for an attendance fee incurred when a deposition was cancelled on May 14, 2004. The City explains that its counsel did in fact travel to the deposition location, but that Dr. Fisfalen had not allocated sufficient time in her schedule to proceed. Such occurrences are part of the ordinary events that happen in litigation and there is no reason why Plaintiffs should not have to pay for such natural and recoverable costs. Therefore, we shall not strike the costs for diskettes, expedited transcripts, or the attendance fee from the bill of costs.

### C. Medical Provider Depositions

Plaintiffs argue that the City should not be reimbursed for $3,784.30 in costs incurred relating to depositions of Plaintiffs' medical providers. Plaintiffs contend that no such depositions were necessary because the medical providers were not on the initial witness lists. However, in light of the facts in the instant action, regardless of whether the medical providers were called as witnesses, they might have possessed key information relating to the merits of Plaintiffs' claims. During discovery in the instant action, it was Plaintiffs that raised the facts that they suffered from various physical ailments resulting from the alleged stress in the working conditions at their job. For example, Plaintiff Leeannetta Baggett ("Baggett") stated in response to one of the City's interrogatories that she suffers from "stress, constant

crying, depressive mood, sleepless nights, headaches, diarrhea, vomiting, short temper and insomnia." (Bag. Int. Ans. 5). The City had every right to depose Baggett's physician. The City would have been derelict in its defense if it had not deposed Baggett's physician in order to better ascertain the physician's findings and assess the relation between the ailments and Baggett's work conditions. Another example is Plaintiff David Davenport ("Davenport") who claimed that, as a result of the events alleged in the complaint, he suffers from "sleepless nights, cold sweats, nausea, nightmares, stress, and pressure." (Dav. Int. Ans. 5). Unquestionably, the City was correct in deposing Davenport's medical provider. Plaintiffs' argument that the City could have simply acquired all the necessary information through additional interrogatories is simply ridiculous. This court and the City have needlessly wasted time and resources to address Plaintiffs' objection to the deopisitions of the medical providers which is an objection that is so wholly without merit that it borders upon being a frivolous and sanctionable objection. Plaintiffs offer nothing more than their unsupported belief that the depositions were unnecessary. However, Plaintiffs are clearly not offering an unbiased and earnest reflection upon the discovery that would have been reasonably necessary for the defense, and are instead offering such opinions only to avoid paying costs at the instant juncture. The medical provider depositions were reasonably necessary for the defense and shall not be stricken from the bill of costs. For the same reason, we deny Plaintiffs' request to strike the $2,683.71 for the subpoenas sent to Plaintiffs'

medical providers.

## II. Photocopying and Bates Labeling Costs

Plaintiffs argue that the $11,001.80 in photocopying costs included in the bill of costs are excessive. Plaintiffs complain that the City made four copies of certain documents and can only recover for three copies of the documents. However, Plaintiffs, apparently unaware of this court's policy that courtesy copies of briefs should be delivered to chambers failed to account for such courtesy copies in their calculations. Plaintiffs' ignorance of the rules of this court do not excuse the wasted time by this court and the City in dealing with such objections. The City has provided sufficient explanation to indicate that all of the copies were necessary. Plaintiffs also complain about the costs for the Bates labeling on documents. However, in light of the amount of pertinent documents involved in the instant action and the breadth of Plaintiffs' allegations, such stamping was necessary for the defense. Therefore, we shall not strike the portions of the photocopying costs and Bates labeling objected to by Plaintiffs.

## III. Defendants' Alleged Misconduct and the Interest of Justice

Plaintiffs also contend that they are entitled to a reduction in the bill of costs because of Defendants' alleged misconduct. Plaintiffs complain that Defendants caused delays, for instance, by providing Plaintiffs with inaccurate affidavits.

Plaintiffs have failed to establish any misconduct on the part of Defendants and to the extent that any imperfections in Defendants' discovery efforts occurred, nothing shows that the occurrences were anything other than the natural discovery process. We take notice that Plaintiffs have failed to avow that every single action during discovery on their part was flawless and without error. In fact, a review of the record reveals that Plaintiffs' conduct, rather than Defendants' conduct, has not promoted an efficient resolution of the instant action. For instance, Plaintiffs have filed various motions to compel through discovery that completely lacked merit and were therefore denied. Likewise, Plaintiffs pursued a motion for sanctions during the instant action despite the fact that such sanctions clearly were not warranted.

In regards to Plaintiffs' contention that Defendants provided false and inaccurate affidavits to Plaintiffs, the City vehemently denies that fact and correctly points out that Plaintiffs' present claims are nothing more than unsubstantiated accusations. The City also correctly concludes that the court did not order additional briefing for summary judgment motions based upon a finding of error or misconduct on the part of any Defendants. Plaintiffs also complain about costs for transcripts of certain court hearings, stating that the costs are somehow connected to misconduct by Defendants. However, the City has sufficiently explained that the transcripts were necessary to ensure that they complied with the intricacies of the rulings made in court. Therefore, we shall not strike any of the costs listed in the bill of costs based upon Defendants' alleged misconduct since Plaintiffs have failed to

substantiate their allegations.

Finally, Plaintiffs make a plea for reductions in the bill of costs "in the interest of justice." (Ans. 14). The interest of justice clearly favors the City. It was the taxpayers' funds that were used by the City to prepare the extensive defense required in the instant action and lawsuits such as the instant action put a constant strain on the resources of municipal entities. Plaintiffs chose to bring the instant action and the law presumptively awards the costs to the City as the prevailing party. There is nothing unfair in requiring Plaintiffs to pay for the costs that they forced the City to incur in preparing a defense.

## IV. Recoverable Costs and Reasonableness of Costs

We have reviewed the bill of costs in its entirety. Other than the costs mentioned above relating to the "Min-U-Script" copies, all the costs are both recoverable and reasonable. Also, the City has provided sufficient documentation to support the costs requested. The City requests $49,401.98 in costs, and as indicated above, we have stricken the $778.29 sought for the "Min-U-Script" costs. Therefore, the total award to the City is $48,623.69.

## CONCLUSION

Based on the foregoing analysis, we grant the City's bill of costs in part and award $48,623.69 to the City.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 5, 2005